UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMANDA ZEISZ and WENDY HENLEY,
                    Plaintiffs,

                                                    COMPLAINT

                    vs.
                                                    Jury Trial Demanded

VILLAGE OF DEPEW, OFFICER ROBERT C.
UTZ, and LIEUTENANT TODD PYC,
                    Defendants

## INTRODUCTION

1.      This is a complaint for injunctive relief and damages brought pursuant to 42 USC §§ 1981 and 1983 arising from Defendants UTZ's and PYC's arrest of Plaintiff ZEISZ without probable cause on July 22, 2022 in the presence of ZEISZ's mother, Plaintiff HENLEY, and ZEISZ's very young children.

2.      As is set forth in detail below, Defendants UTZ AND PYC discriminated against Plaintiff ZEISZ on the basis of her race and color in violation of state and federal law, violated her rights under the Fourth and Fifteenth Amendments to the United States Constitution, assaulted her, battered her, and subjected her to excessive use of force,  in violation of New York Law.

3.      As is further set forth in detail below, Defendants UTZ AND PYC also subjected Plaintiff HENLEY to negligent infliction of emotional distress, in violation of New York Law.

4.      As is further set forth in detail below, Defendant VILLAGE OF DEPEW negligently trained and supervised Defendants UTZ and PYC in violation of New York Law.

1

## JURISDICTION AND VENUE

5.      Jurisdiction is conferred upon this Court by 28 USC §§ 1331 and 1343; supplemental jurisdiction over Plaintiff's state law claims is conferred upon this Court by 28 USC § 1367(a).

6.      Venue is properly laid in the Western District of New York under 28 USC § 1391(b) because all of the parties are located in the Western District of New York, and the actions complained of occurred in the Western District of New York.

7.      Plaintiff timely moved for permission to file a late notice of claim on August 2, 2023, *Zeisz and Henley v. Village of Depew, et al.,* Index No. 809586/2023.

8.      The motion is currently pending.

## PARTIES

9.      Plaintiff AMANDA ZEISZ is a woman who is the daughter of Plaintiff HENLEY, whose race is African-American/Caucasian mixed, and whose skin color is Brown, who, at all times relevant to the events at issue resided at 317 North Bryant Street, Depew, New York.

10.     Plaintiff WENDY HENLEY is a woman of the Caucasian race, whose skin color is White who, at all times relevant to the events at issue resided at 317 North Bryant Street, Depew, New York.

11.     Plaintiffs ZEISZ and HENLEY reside together with Plaintiff ZEISZ's two young children, and Plaintiff HENLEY co-parents the children with Plaintiff ZEISZ.

12.     Plaintiff HENLEY has developed, and maintains, a powerful emotional bond with her grandchildren.

13.     Upon information and belief, Defendant VILLAGE OF DEPEW was and still is a municipal corporation organized and existing pursuant to the laws of the State of New York.

14.     Upon information and belief, Defendant OFFICER ROBERT C. UTZ ("UTZ") at all times relevant to the events at issue was a natural person of the Caucasian race and with White skin color, who is an employee of the Defendant VILLAGE OF DEPEW, and, specifically, the Depew Police Department.

15.     Upon information and belief, Defendant LIEUTENANT TODD PYC ("PYC")) at all times relevant to the events at issue was a natural person of the Caucasian race and with White skin color, who is an employee of the Defendant VILLAGE OF DEPEW, and, specifically, the Depew Police Department.

16.     Plaintiffs sue Defendants UTZ and PYC in both their official and personal capacities.

17.     Upon information and belief, each of the actions of Defendants UTZ and PYC alleged herein was performed in the course of their employment by Defendant VILLAGE OF DEPEW and the Depew Police Department.

18.     Alternatively, upon information and belief, each of the actions of Defendants UTZ and PYC alleged herein was done maliciously, intentionally, wantonly, and/or negligently, and was performed outside the scope of their respective employment.

## FACTS

19.     On the morning of July 29, 2022, Plaintiffs ZEISZ and HENLEY were at their home at 317 North Bryant Street, Depew, NY with Plaintiff ZEISZ's two children who were then 2 (two) and 7 (seven) years old.

3

20.     At approximately 8:00 a.m., Plaintiff ZEISZ heard loud noises in their driveway where Plaintiff ZEISZ's vehicle was parked in front of the house between the sidewalk and the street.

21.     Plaintiffs ZEISZ went outside the house and discovered two men in the driveway beginning to attach Plaintiff ZEISZ's vehicle to the towing mechanism of a flatbed tow truck.

22.     Upon information and belief, both of the men whom Plaintiff discovered beginning to steal her car were of the Caucasian race and with White skin color.

23.     The vehicle in question was the subject of a purchase agreement between Plaintiff ZEISZ and Honda, pursuant to which Plaintiff ZEISZ was required to make regular payments to Honda for the vehicle.

24.     Plaintiff ZEISZ had missed payments prior to July 29, 2022.

25.     However, Plaintiff ZEISZ had reached an agreement with Honda affording Ms. ZEISZ an extension of time until August 20, 2022 to make a payment before Honda would initiate repossession proceedings.

26.     The agreement between Plaintiff ZEISZ and Honda was memorialized in a letter from Honda.

27.     Plaintiff ZEISZ ran back into the house, grabbed he letter from Honda, and woke Plaintiff HENLEY.

28.     Plaintiff ZEISZ informed the persons who were attempting to steal her vehicle that they had no right to repossess the vehicle due to her agreement with Honda.

29.     The persons persisted in their efforts to take the vehicle.

30.     One of the persons addressed Plaintiff ZEISZ by use of the racial epithet N**r.

4

31.     The persons attempting to steal Plaintiff ZEISZ's vehicle did not have a Court Order authorizing them to repossess the vehicle.

32.     Plaintiff HENLEY came outside to support Plaintiff ZEISZ.

33.     At all times relevant to the incident at issue herein, Plaintiff HENLEY was outside her home between her house and the sidewalk, and occasionally on the driveway.

34.     Plaintiff ZEISZ called the Depew Police Department for assistance.

35.     Unbeknownst to Plaintiffs, one of the persons attempting to take the vehicle also called the Depew Police Department.

36.     Defendant ROBERT C. UTZ was the first officer to arrive at 317 North Bryant Street.

37.     Plaintiff ZEISZ informed Defendant UTZ that she was legally in possession of the vehicle, and that she had a letter from Honda verifying that authority.

38.     Plaintiff ZEISZ showed Defendant UTZ the letter.

39.     The persons attempting to take Plaintiff's car did not present Defendant UTZ with any documentation supporting their claim to the vehicle.

40.     Instead of advising the two persons seeking to take Plaintiff ZEISZ's car that they were trespassing, and directing them to leave, Defendant UTZ informed Plaintiffs ZEISZ and HENLEY that the two person were "doing their job," that the vehicle in question was "their car as of right now," and that Ms. ZEISZ should "take it up with Honda."

41.     Plaintiff ZEISZ had many personal items, including her children's car seats, in the vehicle.

42.     Plaintiff ZEISZ began removing her possessions from the car.

43.     Plaintiff ZEISZ was distraught and frantic.

44.     She pleaded and argued with Defendant UTZ to no avail.

45.     Plaintiff HENLEY was also present while the vehicle was being taken.

46.     During the events at issue herein, Plaintiff HENLEY was tending to Plaintiff ZEISZ's two small children who were also watching the events unfold.

47.     Defendant PYC arrived at 317 North Bryant a short time after Defendant UTZ.

48.     Plaintiffs ZEISZ and HENLEY attempted to persuade Defendants UTZ and PYC that the persons attempting to take the vehicle had no legal right to do so.

49.     Defendant UTZ and PYC refused to listen to Plaintiffs' pleas and explanations.

50.     Defendants UTZ and PYC arrested Plaintiff ZEISZ, handcuffed her behind her back, and placed her in his official police vehicle.

51.     Defendants stated to Plaintiff ZEISZ words to the effect of, "You're going to jail for obstruction."

52.     Plaintiff HENLEY was standing in front of her home within a few yards of Plaintiff ZEISZ and Defendants during the events described in ¶¶ 36-51.

53.     Plaintiff HENLEY and her grandchildren observed Plaintiff ZEISZ being handcuffed and placed in the police vehicle, and threatened with incarceration.

54.     Plaintiff ZEISZ was emotionally upset to the point of incoherence and panic as a result of the actions of Defendants UTZ and PYC.

55.     Plaintiff HENLEY was extremely emotionally upset as she watched her daughter being taken into custody in handcuffs and threatened with incarceration.

56.     The children were extremely emotionally upset as they watched their mother being taken into custody in handcuffs and threatened with incarceration.

57.     Plaintiff HENLEY was extremely emotionally upset upon observing the emotional injuries being inflicted upon her grandchildren as they watched their mother being taken into custody in handcuffs and threatened with incarceration.

58.     Defendants UTZ and PYC allowed the persons who had arrived with the flatbed truck to take Plaintiff ZEISZ's vehicle without legal authority.

59.     Instead of standing by in case there was a breach of the peace, Defendants UTZ and PYC took an active role that affirmatively assisted in the repossession of Plaintiff ZEISZ's vehicle over Plaintiff ZEISZ's objections.

60.     Defendants brought Plaintiff ZEISZ to the Depew Polie station where she was "booked, mugged and printed."

61.     Defendants handcuffed Plaintiff ZEISZ to a bench in the Depew Police Station wild

62.     Plaintiff ZEISZ was formally charged with obstructing government administration, in the second degree in violation of Penal Law § 195.05.

63.     Plaintiff ZEISZ was released on her own recognizance after the processing described *above.*

64.     On July 29, 2022, after Plaintiff ZEISZ returned to her home, Plaintiff HENLEY went to the Depew Police Department and filed a written complaint.

65.     On July 29-30, 2022, Plaintiff HENLEY corresponded via texts with Depew Police Captain W. Curr, who advised that  he was investigating her complaint.

66.     Plaintiff HENLEY did not receive any further contact from the Captain after July 30, 2022.

67.     Upon information and belief, Defendant VILLAGE OF DEPEW has negligently failed to train its police officers, including, but not limited to Defendants UTZ and PYC and Captain Curr, of the New York State's Uniform Commercial Code § 9-609 requirement that a private party seeking to repossess a motor vehicle must secure a court order before utilizing the assistance of a law enforcement officer to repossess a vehicle.

68.     Plaintiff ZEISZ was compelled to appear at numerous court dates between July 29, 2022 and October 22, 2022, when the criminal charges against her were dismissed in their entirety by Depew Village Justice Kathleen M. McDonald.

69.     Plaintiff ZEISZ sought medical care after being released from police custody.

70.     Plaintiff Zeisz sustained damage to tendons in her hand, which resulted in reduced use of her hands for a period of weeks.

71.     Plaintiff ZEISZ was prescribed medication and a brace for the injury to her hand described in ¶ 70.

72.     On July 22, 2023, Plaintiff ZEISZ was working two part-time jobs, one at the Buffalo Zoo and one at a gas station.

73.     Plaintiff ZEISZ lost her job at the Buffalo Zoo because she was unable to get to work without her vehicle.

74.     Plaintiff ZEISZ missed a day of work at the gas station, and was unable to make up the lost time.

75.     Plaintiff was forced to pay fees to the companies that had taken custody of her vehicle and stored it in order to recover the vehicle.

76.     Plaintiff was deprived of the use of her vehicle from July 22, 2023 for approximately two and one half weeks.

77.     Plaintiff ZEISZ was required to appear in court on four separate occasions and to meet with her criminal defense attorney in order to defend against the criminal charges lodged by Defendants UTZ and PYC.

78.     On the occasions referenced in ¶ 77, Plaintiff ZEISZ was compelled to miss work.

79.     As a result of missing work, Plaintiff ZEISZ lost additional income.

80.     Plaintiff ZEISZ continues to suffer emotional harm to the present day:  she is afraid to drive in the Village of Depew, and drives by roundabout routes in order to spend as little time as possible driving within Village limits.

81.     As a result of Plaintiff ZEISZ's unlawful arrest by Defendants UTZ and PYC, Plaintiffs ZEISZ and HENLEY have suffered irreparable harm to their reputations in their neighborhood, and since the date of the events at issue have been shunned by all but one of the neighbors on their block.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS UTZ, PYC AND VILLAGE OF DEPEW:  DEPRIVATION OF PLAINTIFF ZEISZ'S RIGHT TO THE FULL AND EQUAL BENEFIT OF ALL LAWS FOR THE SECUIRTY OF PROPERTY IN VIOLATION OF 42 USC § 1981**

82.     Plaintiffs reassert and realleged the allegations set forth in ¶¶ 1 through 81 as though fully set forth herein.

83.     Plaintiff ZEISZ is a person of color within the jurisdiction of the United States who is entitled to the protections of 42 USC § 1981(a).

84.     Defendants UTZ and PYC deprived Plaintiff ZEISZ of her right to the full and equal benefit of all laws for the security of property when they assisted private persons in purportedly "repossessing" Plaintiff's vehicle without legal authority to do so.

85.     Upon information and belief, Defendants UTZ and PYC denied Plaintiff ZEISZ the protections routinely afforded to White residents of the Village of Depew

86.     On information and belief, the actions of Defendants UTZ and PYC were taken pursuant to a policy or practice of the Defendant VILLAGE OF DEPEW whereby Depew Police Department employees assist in as many as 35 vehicle repossessions each year, many of which are not in compliance with New York Uniform Commercial Code § 9-609.

87.     As a result of Defendants' illegal actions, Plaintiff ZEISZ has suffered economic loss, loss of enjoyment of life, damage to her reputation, emotional distress and physical injury.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS UTZ AND PYC:
DEPRIVATION OF PLAINTIFF ZEISZ'S RIGHT TO BE FREE FROM
UNREASONABLE SEIZURE IN VIOLATION OF 42 USC § 1983**

88.     Plaintiffs reassert and realleged the allegations set forth in ¶¶ 1 through 88 as though fully set forth herein.

89.     As a citizen of the United States Plaintiff ZEISZ is entitled to the protections of the Fourth Amendment to the United States Constitution.

90.     As police officers employed by Defendant VILLAGE OF DEPEW, Defendants UTZ and PYC were acting under color of state law when they responded to calls at 317 North Bryant Street, Depew, New York on July 29, 2023.

91.     On the morning of July 29, 2023, when Defendants UTZ and PYC were present at 317 North Bryant Street Plaintiff ZEISZ did not pose a threat of harm to any other person or herself.

92.     On the morning of July 29, 2023, when Defendants UTZ and PYC were present at 317 North Bryant Street Plaintiff ZEISZ had not violated any law.

93.     On July 29, 2023, Defendants UTZ and PYC had no legal basis to arrest Plaintiff ZEISZ,

94.     Defendants UTZ and PYC seized and detained Plaintiff ZEISZ without any legal justification for doing so.

95.     On July 29, 2023, Defendants UTZ and PYC had no legal basis to subject Plaintiff ZEISZ to any use of force.

96.     Defendants UTZ and PYC employed unnecessary and excessive force, when they grabbed and shoved Plaintiff ZEISZ twisting her arms, handcuffed her, forced her into and out of a police vehicle, and handcuffed her to a bench at the Depew Police Station.

97.     Defendants' arrest of Plaintiff ZEISZ  and use of force upon her violated the Fourth Amendment and 42 USC § 1983.

98.     As a result of Defendants' illegal actions, Plaintiff ZEISZ has suffered economic loss, loss of enjoyment of life, damage to her reputation, emotional distress and physical injury.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS ON BEHALF OF PLAILNTIFF ZEISZ:  ASSAULT

99.     Plaintiffs reassert and realleged the allegations set forth in ¶¶ 1 through 97 as though fully set forth herein.

100.     The actions of Defendants UTZ and PYC, whereby Plaintiff ZEISZ was attacked by Defendants and brutally assaulted by grabbing, shoving, twisting her arms, forcing her into and out of a police vehicle, and handcuffing her to a bench at the Depew Police Station, placed Plaintiff ZEISZ in apprehension of an imminent harmful and offensive bodily contact.

101.     The aforesaid assault on Plaintiff ZEISZ was unwarranted, unjustified and unprovoked by Plaintiff and without Plaintiff's consent.

102.     The injuries and damages sustained by Plaintiff Zeisz were caused solely and wholly through the intentional and malicious acts of Defendants UTZ and PYC described herein, without any negligence on the part of the Plaintiff contributing thereto.

103.    The aforesaid assault was performed in furtherance of Defendants UTZ's and PYC's employment with Defendant VILLAGE OF DEPEW.

104.    As a result of Defendants' illegal actions, Plaintiff ZEISZ has suffered economic loss, loss of enjoyment of life, damage to her reputation, emotional distress and physical injury.

### FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS ON BEHALF OF PLAINTIFF ZEISZ:  BATTERY

105.    Plaintiffs reassert and realleged the allegations set forth in ¶¶ 1 through 104 as though fully set forth herein.

106.    Defendants UTZ and PYC intentionally, wantonly, and recklessly attacked Plaintiff ZEISZ by grabbing, shoving, twisting her arms, forcing her into and out of a police vehicle, and handcuffing her to a bench at the Depew Police Station.

107.    The physically contact described in ¶ __ was offensive in nature and was performed without the consent of Plaintiff ZEISZ.

108.    As a result of Defendants' illegal actions, Plaintiff ZEISZ has suffered economic loss, loss of enjoyment of life, damage to her reputation, emotional distress and physical injury.

109.    The aforesaid battery was unprovoked by Plaintiff ZEISZ, unwarranted, unjust and in violation of § 35.30 of the Penal Law of the State of New York, and §§ 140.10 and 140.15 of the Criminal Procedure Law of the State of New York.

110.    The aforesaid battery was performed in furtherance of Defendants UTZ's and PYC's employment with Defendant VILLAGE OF DEPEW.

111.    As a result of Defendants' illegal actions, Plaintiff ZEISZ has suffered economic loss, loss of enjoyment of life, damage to her reputation, emotional distress and physical injury.

### FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS ON BEHALF OF PLAINTIFF HENLEY:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

112.    Plaintiffs reassert and realleged the allegations set forth in ¶¶ 1 through 111 as though fully set forth herein.

113.    The actions of Defendants UTZ and PYC described herein whereby Plaintiff ZEISZ was attacked by Defendants and brutally assaulted by grabbing, shoving, twisting her arms, and forcing her into a police vehicle, were outrageous, shocking and exceeded all reasonable bounds of decency.

114.    Plaintiff HENLEY was within a few yards of Defendants UTZ and PYC when they inflicted serious bodily harm upon Plaintiff ZEISZ

115.    In view of the unjustified and illegal nature of Defendants UTZ's and PYC's assault and battery of Plaintiff ZIESZ described herein, Plaintiff HENLEY reasonably feared that she, too, was at risk of an imminent harmful and offensive bodily contact at the hands of UTZ and PYC.

116.    The actions of Defendants UTZ and PYC described herein caused Plaintiff HENLEY emotional distress.

117.    The actions of Defendants UTZ and PYC described herein were performed in furtherance of Defendants UTZ's and PYC's employment with Defendant VILLAGE OF DEPEW.

118.    As a result of Defendants' illegal actions, Plaintiff HENLEY has suffered loss of enjoyment of life, and emotional distress.

**SIXTH CAUSE OF ACTION AGAINST DEFENDANT VILLAGE OF DEPEW: NEGLIGENT FAILURE TO TRAIN**

119.    Plaintiffs reassert and realleged the allegations set forth in ¶¶ 1 through 118 as though fully set forth herein.

120.     Upon information and belief, Defendant VILLAGE OF DEPEW and their agents, servants and employees trained Defendants UTZ and PYC to perform work as officers for the Village of Depew Police Department.

121.     Upon information and belief, Defendant VILLAGE OF DEPEW was negligent in the training of the same Defendants in that they failed to train Defendants UTZ and PYC concerning the requirements of New York Uniform Commercial Code § 9-609 that police officers may not assist in the repossession of a vehicle absent a court order.

122.     Upon information and belief, Defendant VILLAGE OF DEPEW was negligent in the training of the same Defendants in that they failed to train Defendants UTZ and PYC as to the proper bases for use of force and the proper levels thereof, the proper scope of detentions, and generally in the rights of citizens under the United States Constitution.

123.     Upon information and belief, Defendant VILLAGE OF DEPEW was negligent in the training of the same Defendants in that they failed to train Defendants UTZ and PYC to refrain from using force without probable cause, and to refrain from using excessive force against a citizen, thereby encouraging an atmosphere of disregard of the Fourth Amendment rights of citizens under the United States Constitution.

124.     Upon information and belief, Defendant VILLAGE OF DEPEW was negligent in the training and supervision of the same Defendants in that they failed to train to discipline and retrain officers who committed offenses such as those described in ¶¶ 120-122 above.

125.     The foregoing failure to properly train and supervise its police officers was a pervasive and longstanding practice that reflected a deliberate indifference to the safety of the public and had the force of law.

126.     As a result of Defendants' illegal actions, Plaintiff ZEISZ has suffered economic

loss, loss of enjoyment of life, damage to her reputation, emotional distress and physical injury.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter Judgment:

a.     Holding that Defendants have violated Plaintiffs' rights under 42 USC §§ 1981

and 1983, and the New York Common Law;

b.     Holding that the Defendants violated Plaintiffs rights as alleged herein;

c.     Awarding Plaintiff her lost backpay, front pay and benefits;

d.     Awarding Plaintiffs compensatory damages;

e.     Awarding Plaintiffs punitive damages to the maximum amount permitted by law;

f.     Awarding Plaintiffs pre-judgment and post-judgment interest to the maximum

amount permitted by law;

g.     Awarding Plaintiff attorney's fees and costs to the maximum amount permitted by

law;

h.     Enjoining Defendants from engaging in further discrimination and/or retaliation

against the Plaintiffs

i.     Providing such other relief as the Court deems just and proper.

**Plaintiff demands a trial by jury on all matters triable by jury.**

Dated:          October 25, 2023
                Buffalo, NY

__/s/Cindy Tyrene Cooper__                          __/s/Anna Marie Richmond___
CINDY TYRENE COOPER                          ANNA MARIE RICHMOND
Attorney for Plaintiffs                          Attorney for Plaintiffs
403 Main Street, Suite 722                          14 Lafayette Square, Suite 2500
Buffalo, NY  14203                          Buffalo, NY  14203-1925
716-332-6439                          716-854-1100
cindytyrene@cooperlawbuffalo.com                          annamarierichmondesq@gmail.com